IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIC SCOTT SANSBURN,<br><br>　　　　Defendant. | Case No. 2:14-cr-00014<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR BOND REVIEW |

　　The United States of America, by Timothy Q. Purdon, United States Attorney for the District of North Dakota, and Jennifer Klemetsrud Puhl, Assistant United States Attorney, hereby files this response to Defendant's Motion for Bond Review filed by Eric Scott Sansburn on November 4, 2014.

　　Sansburn, following the acceptance of his pleas of guilty, is required to be detained under the provisions of 18 U.S.C. § 3143(a)(2), absent "exceptional circumstances." This statute provides, in pertinent part, that a person who has been found guilty of a "crime of violence" as defined by 18 U.S.C. § 3156, must be detained while awaiting imposition or execution of sentence unless the district court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" <u>and</u> "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. §§ 3143(a)(2)(A)(i), (ii).

Sansburn clearly falls within the purview of § 3143(a)(2), as the offenses of transporting minors in interstate commerce, coercion and enticement, and possessing child pornography are all "felon[ies] under chapter . . . 110," and therefore are classified as "crime[s] of violence" for purposes of the chapter dealing with release and detention orders.  18 U.S.C. § 3156(a)(4)(C).

Nor is §3143(a)(2)'s mandatory detention exception applicable to this case because there obviously is no "reasonable likelihood" that a judgment of acquittal will be entered or a new trial ordered given the fact that defendant pleaded guilty to the charges; nor is there any possibility that no term of imprisonment will be imposed given the fact that the transportation of minors offenses and the coercion and enticement offenses each carry a minimum-mandatory sentence of ten years.

Accordingly, this case is governed by 18 U.S.C. § 3143(a)(2), which requires that Sansburn was to be taken into custody immediately unless "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c).  There are no exceptional reasons presented which would warrant release pending sentencing and therefore he must be detained.

The United States respectfully requests that the Court deny any request for modification of the conditions of release and deny the request for hearing on the matter.

Dated: November 7, 2014.

        TIMOTHY Q. PURDON
        United States Attorney

By:   */s/ Jennifer Klemetsrud Puhl*
      JENNIFER KLEMETSRUD PUHL
      Assistant United States Attorney
      Quentin N. Burdick United States Courthouse
      655 First Avenue North - Suite 250
      Fargo, ND  58102-4932
      (701) 297-7400
      ND Bar Board ID No. 05672
      Jennifer.Puhl@usdoj.gov
      Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIC SCOTT SANSBURN,<br><br>　　　　Defendant. | Case No. 2:14-cr-00014<br><br>CERTIFICATE OF SERVICE |

　　I hereby certify that on November 7, 2014, the following document(s):

　UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR BOND REVIEW

was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

　　　　　　　　　　　　Tyler J. Morrow

　　I further certify that a copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participant(s):

　　　　　　　　　　　　　　N/A


Dated: November 7, 2014.

　　　　　　　　　　　　　　　　　　/s/ Vicki L. Thompson
　　　　　　　　　　　　　　　　　　VICKI L. THOMPSON
　　　　　　　　　　　　　　　　　　Office of the United States Attorney

4